**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KEREN SITA,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY HEALTH CENTERS OF BURLINGTON, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-1421 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, a resident of Vermont and "a patient and consumer of healthcare services," Compl. at 6, "has received medical services from [Community Health Centers of Burlington ('CHCB')]," *id*. at 7, which plaintiff identifies as "a nonprofit healthcare organization headquartered in Burlington, Vermont," *id*. at 6, and a recipient of "federal financial assistance," *id*., through participation in "federal healthcare programs such as Medicaid," *id*. Plaintiff's claims arise from an incident at the CHCB facility in Winooski, Vermont, when plaintiff was scheduled for an "evaluation and treatment related to concentration and mental health concerns." *Id*. at 7. It appears that the evaluation did not take place, as plaintiff's encounter with a psychiatric mental health nurse practitioner, "escalated," *id*. at 9, such that the nurse practitioner "contacted law enforcement," *id*., and CHCB "issued a no-trespass order . . . which barred [plaintiff] from returning to CHCB facilities," *id*. Plaintiff alleges that CHCB and the nurse practitioner violated provisions of Title VI of the Civil Rights Act of 1964, *see id*. at 10, that all defendants, including the U.S. Department of Health and Human Services, violated the Affordable Care Act and federal civil rights laws, *see id*. at 12-13. She demands a declaratory judgment and monetary damages. *See id*. at 13-14.

Under 28 U.S.C. § 1915, the Court "shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious[, or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). Having taken judicial notice of opinions and orders from other court proceedings, *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216–17 (D.D.C. 2002), by the Court's count, the instant civil action is plaintiff's third against CHCB arising from the same alleged incident. *See Sita v. Community Health Centers of Burlington*, No. 2:26-cv-0192 (D. Vt. Sept. 29, 2026) (dismissing Title VI, § 1981 and Affordable Care Act claims under Rule 8; granting leave to amend by October 30, 2026); *Sita v. Community Health Centers of Burlington*, No. 2:24-cv-0386 (D. Vt. Oct. 30, 2025) (ECF No. 43) (granting Rule 12(b)(6) motion to dismiss Title VI claims; declining to exercise supplemental jurisdiction over State law claims; denying leave to amend).

"A complaint that merely repeats pending or previously litigated claims may be considered abusive[.]" *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam). This Court deems the instant complaint abusive and subject to dismissal as malicious. *See, e.g., Duhart v. Carlson,* 469 F.2d 471 (10th Cir. 1972) (approving trial court's dismissal of a complaint, prior to service of process, on the ground that the plaintiffs sought to relitigate issues already litigated); *Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) (same); *Hurst v. Counselman,* 436 F. App'x 58, 61 (3d Cir. 2011) (same); *Dantzler v. U.S. Equal Employment Opportunity Comm'n*, 810 F. Supp. 2d 312, 320 (D.D.C. 2011) ("[T]he court's review of the plaintiff's current claims and his previous claims indicate that the plaintiff's current claims have all been previously litigated in the Louisiana courts and, as such, should be considered abusive.").

Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is denied; the complaint and this civil action are dismissed; and plaintiff's motion for CM/ECF password (ECF No. 4) is denied as moot. An Order is issued separately.

2026.10.26
18:24:02 -04'00'

TREVOR N. McFADDEN
United States District Judge

DATE: October 26, 2026